UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE GARRETT,<br><br>        Petitioner,<br><br>vs.<br><br>THE CITY AND COUNTY OF THE SANTA BARBARA POLICE DEPARTMENT,<br><br>        Respondents. | Case No. CV 12-3722-RGK (DTB)<br><br>ORDER TO SHOW CAUSE RE: DISMISSAL |

Petitioner, a California state prisoner currently incarcerated at the California Correctional Center in Susanville, California ("CCC-Susanville"), purported to file a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") herein on April 30, 2012.

From the face of the Petition, it appears that petitioner's claims are not directed to the legality or duration of petitioner's current confinement. Rather, although difficult to comprehend, it appears petitioner is claiming that the defendants falsified witness statements, a police report and an investigative report. Petitioner is seeking "civil litigation" and monetary damages against the defendants. (Pet. at 5.) Thus, it appears that petitioner is challenging the nature of the underlying investigation and proceedings, rather than seeking to challenge the duration of his current confinement

through a writ of habeas corpus (which must be brought against his current state custodian officer pursuant to 28 U.S.C. § 2254. See Rules Governing Section 2254 Cases in the United States District Courts, Rule 2(a).)   Instead, claims such as those raised in the Petition, which do not appear to challenge the duration of petitioner's confinement, may not properly be asserted in a habeas petition, or as part of a habeas petition.  See 28 U.S.C. § 2254(a); see also Preiser v. Rodriguez, 411 U.S. 475, 498-500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).  Rather, such claims must be asserted in a separate civil rights action.

Thus, it is not clear to the Court precisely what relief petitioner is seeking.

To the extent petitioner is intending to file a habeas petition, from the face of the Petition, it is unclear whether petitioner has even been sentenced for this alleged conviction. (See Pet. at 2.)  In the event petitioner has been sentenced for this alleged conviction, the Court further notes that it does not appear that petitioner has exhausted his available state judicial remedies as required.

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in a petition.  Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).  The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that - (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Exhaustion requires that petitioner's claims be fairly presented to the highest court in a state system even if that court's review is discretionary.  O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, fn. 3 (9th Cir. 2000).  A habeas petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one

complete round of the State's established appellate review process" in order to exhaust her claims. O'Sullivan, 526 U.S. at 845.

In order to have been "fairly presented" to a state court proceeding, both the operative facts and the federal legal theory upon which a claim is based must have been described. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. California Dept. of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000). Petitioner has the burden of demonstrating that he has exhausted his available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). State remedies are not exhausted if an appeal or petition for post-conviction relief is still pending in state court. Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (if petitioner has a pending state appeal, he "must await the outcome of his appeal before his state remedies are exhausted"); Schnepp v. Oregon, 333 F.2d 288, 288 (9th Cir. 1964) (per curiam) (state remedies are unexhausted where a petition for post-conviction relief is still pending in state court).

Under the total exhaustion rule, if even one claim in a habeas petition is unexhausted, the entire petition must be dismissed. Rose, 455 U.S. at 522.

Accordingly, in light of the uncertain nature of the instant proceeding, on or before **June 8, 2012**, petitioner is ORDERED to show cause in writing (if any he has) why the Court should not recommend that this action be dismissed.

DATED: May 8, 2012

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

3