O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KENNETH LEE GARRETT, | ) | Case No. CV 12-03722-RGK (DTB) |
| Petitioner, | ) | |
| vs. | ) | ORDER RE SUMMARY DISMISSAL OF ACTION |
| THE CITY AND COUNTY OF THE SANTA BARBARA POLICE DEPARTMENT, | ) ) ) ) | |
| Respondents. | ) | |

    Petitioner, a California state prisoner currently incarcerated at the California Correctional Center in Susanville, California ("CCC-Susanville"), purported to file a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") herein on April 30, 2012.

    From the face of the Petition, it appeared that petitioner's claims were not directed to the legality or duration of petitioner's current confinement. Rather, although difficult to comprehend, it appeared petitioner was claiming that the defendants falsified witness statements, a police report and an investigative report. Petitioner sought "civil litigation" and monetary damages against the defendants. (Pet. at 5.) Thus, it appeared that petitioner was challenging the nature of the underlying investigation and proceedings, rather than seeking to challenge the

duration of his current confinement through a writ of habeas corpus (which must be brought against his current state custodian officer pursuant to 28 U.S.C. § 2254. See Rules Governing Section 2254 Cases in the United States District Courts, Rule 2(a).) Claims such as those raised in the Petition, which do not appear to challenge the duration of petitioner's confinement, may not properly be asserted in a habeas petition, or as part of a habeas petition. See 28 U.S.C. § 2254(a); see also Preiser v. Rodriguez, 411 U.S. 475, 498-500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Rather, such claims must be asserted in a separate civil rights action.

     The Court does have discretion to construe petitioner's habeas petition as a civil rights complaint. See Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971); Hansen v. May, 502 F.2d 728, 729 (9th Cir. 1974). However, in this instance, the Court chose not to exercise such discretion. Instead, the Court issued an Order to Show Cause ("OSC") ordering petitioner to show cause in writing (if any he had) why the Court should not recommend that this action be dismissed.

     On May 17, 2012, petitioner filed his Response to the OSC. In his Response, petitioner states that he agrees with the Court that the instant action alleges claims that must be asserted in a civil rights action. Petitioner further states that he has "absolutely no such rebutal's [sic] unto Magistrate Judge David T. Bristow's action of dismissing case no. CV412-3722-RGK (DTB), as the petitioner has unintentionally utilized the uncorrect [sic] federal district court legal procedure/document." Thus, it appears petitioner concedes that the instant action was filed in error.

1    Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United
2  States District Courts, IT THEREFORE IS ORDERED that this action be summarily
3  dismissed without prejudice.  The Clerk is directed to send petitioner a blank Central
4  District civil rights complaint form, which petitioner is encouraged to utilize should
5  he desire to pursue this action.

7    LET JUDGMENT BE ENTERED ACCORDINGLY.

9  DATED:    May 24, 2012

    _____
    R. GARY KLAUSNER
    UNITED STATES DISTRICT JUDGE

Presented by:

_____
David T. Bristow
United States Magistrate Judge